Per Curiam.

Petitioner bases his right to release on the alleged fact that he was neither represented by counsel, nor informed of his right to counsel nor offered counsel by the trial court.
Petitioner testified that at the time of the hearing when he entered his plea of guilty he was 19 years of age and had left school in the ninth grade, that the prosecuting attorney told him there was no need for defense counsel, and that if he pleaded guilty he would be placed on probation. He testified also that at the time of the arraignment he was befuddled.
However, petitioner was not a stranger to court procedure. On cross-examination it was developed that he had a prior federal felony conviction, having pleaded guilty to a violation of the Dyer Act, under which conviction he had served 14 months in a federal penal institution. Also, it was developed during his cross-examination that the federal court had appointed counsel to represent him at that time. Clearly, in spite of his youth petitioner was not unaware of his rights without *13 being informed thereof. However, the evidence shows that snch rights were explained to him.
The Attorney General on behalf of the respondent introduced into evidence a waiver signed by petitioner which reads in part as follows:
“I, Edward Basilone, defendant, in the above entitled action, having been indicted for the offense of operating motor vehicle without owner’s consent, having been arraigned thereon and having been fully advised in open court by the court of the offense with which I am charged, the penalty prescribed by law for said offense, and of my rights and defenses thereto, particularly of my right to be represented by counsel, do hereby waive my rights as guaranteed by the Constitution of the United States and the state of Ohio and my right of representation by counsel and enter a plea of guilty to operating motor vehicle without owner’s consent.
“Signed Edward Basilone”
Also introduced into evidence was a copy of the court’s docket which reads in part as follows:
“Jan. 26, 1952 (JDP) Defendant arraigned upon the indictment herein plea of not guilty.
“Jan. 28, 1952 (J. D. P.) Deft., Edward Basilone, again in court, signs waiver of counsel and withdraws former plea of not guilty and enters plea of guilty as charged. Beferred to probation officer for report.”
The court records introduced by the state clearly establish the position of the state that petitioner’s rights were fully explained to him and that he voluntarily waived such rights. Such judicial records completely dispel the uncorroborated statement of petitioner that he was not informed of or did not waive such rights.
Thus, there can be no question in the present case that the record shows that petitioner’s rights were explained to him, and that he waived such rights.
This, of course, leaves the question as to whether petitioner knowingly and intelligently waived his rights.
Petitioner at the time of his arraignment was 19 years of age, he had previously served a sentence in a federal penal institution, and he had had counsel appointed for him by the court *14 in relation to the federal offense. It is extremely doubtful that petitioner was, as he put it, so befuddled that he did not know what he was doing when he signed the waiver. That he did so with the idea in his mind that he would receive probation if he pleaded guilty is tenable, but, in view of his background, that he did not know what he was doing is untenable.
The records show also that petitioner was not rushed into an arraignment where a plea of guilty was elicited from him without his having an opportunity to consider his position. He was indicted on January 24, 1952, and was arraigned on January 26, 1952. At his arraignment he entered a plea of not guilty, then, two days later, he appeared in court again and at that time withdrew his plea of not guilty and entered his plea of guilty.
This ease again presents one of those instances wherein an accused fully aware of his rights voluntarily and intelligently waives them with the hope that he will be placed on probation and then when his expectation of probation does not develop into fruition alleges that his constitutional rights have been invaded.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, 0’Neill, Griffith, Herbert and Gibson, JJ., concur.